UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EZEQUIEL SANCHEZ GUTIERREZ
(A# 203-806-247),

Petitioner,

v.

WARDEN OF THE GOLDEN STATE
ANNEX DETENTION FACILITY, et al.,

Respondents.

No.  1:26-cv-1888 DAD AC

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee proceeding with a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  This action was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

PROCEDURAL BACKGROUND

On March 9, 2026, pro se petitioner, Ezequiel Sanchez Gutierrez, filed a petition for writ of habeas corpus, along with a motion to proceed in forma pauperis and a motion to appoint counsel.  ECF Nos. 1-3.  On March 13, 2026, the undersigned issued a minute order granting the motion to proceed in forma pauperis and liberally construing the petition to assert two separate due process claims: (1) based on prolonged detention, and (2) based on revocation of release. ECF No. 6.  Respondents were ordered to show cause why the petition should not be granted.  Id. Respondents were given fourteen days to file an answer/return, and directed to substantively

1

address whether there are any factual or legal issues that materially distinguish this case from the court's prior orders in Ayala Cajina v. Wofford, No. 1:25-cv-1566 DAD AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), Mejia Parada v. Chestnut, No. 1:26-cv-1564 DAD JDP, 2026 WL 555479 (E.D. Cal. Feb. 27, 2026), Vilcape Garate v. Chestnut, No. 1:26-cv-1472 DAD SCR, 2026 WL 524661 (E.D. Cal. Feb. 25, 2026); Glavis v. Noem, No. 1:26-cv-0957 DAD AC (HC), 2026 WL 330608 (E.D. Cal. Feb. 6, 2026). Id. Petitioner was given seven days from the filing of an answer/return to file a reply, if any. Id.

Respondents filed the required response. ECF No. 9. Although the deadline to file a reply has not run, for the reasons discussed below the undersigned finds further briefing is unnecessary to make findings and recommendations in this action.

LEGAL STANDARD

The Constitution guarantees the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). The writ of habeas corpus extends to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 8 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001) (citation omitted), superseded by statute on other grounds, Nasrallah v. Barr, 590 U.S. 573580 (2020). "District courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order[.]" Lopez-Marroquin v. Barr, 955 F.3d 759 (9th Cir. 2020) (citation omitted); see also Zadvydas, 533 U.S. at 688 ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.").

////

////

2

DISCUSSION

The record in this case demonstrates that petitioner, a noncitizen with no criminal history, entered the United States on or about December 14, 2023, was issued a Notice to Appear, and was released from immigration custody under the Alternatives to Detention ("ATD") program on January 8, 2024, premised upon a finding—either explicit or implicit—that he was neither dangerous nor a flight risk. See ECF No. 9-1 at 2-3. On January 17, 2026, at a scheduled ICE appointment, petitioner was taken into custody based on several alleged ATD violations. Id. at 2. Prior to the revocation of his release, petitioner was provided with neither clear notice of the reasons for his re-detention nor a pre-deprivation hearing. See id.; ECF No. 1 at 6.

In their response to the petition, respondents concede "there are no significant factual or legal issues in this case that materially distinguish it from the cases identified in the [March 13, 2026] Order" and "recognize that the majority of judges in the Eastern District of California have accepted Petitioner's arguments." ECF No. 9 at 1. Nonetheless, respondents (1) submit that petitioner had several ATD violations before he was taken into custody, and (2) argue that petitioner is "an 'applicant for admission' who is subject to mandatory detention by [Immigration and Customs Enforcement ("ICE")] under 8 U.S.C. § 1225(b)(2)(A)" and who "does not possess a right to freedom from immigration detention in any form other than the form provided by Congress." Id. at 1-2.

It's unclear whether the reference to ATD violations is respondents' attempt to distinguish this case from Ayala Cajina, Mejia Parada, Vilcape Garate, and Glavis, supra. To the extent it is, the undersigned rejects this argument for the reasons stated in Rodriguez v. Chestnut, No. 1:26-cv-1662 DAD SCR, 2026 WL 593194 (E.D. Cal. Mar. 3, 2026). In Rodriguez, the court found the analysis in Ayala Cajina "not substantively different from the current case" because "Respondents d[id] not provide supporting documentation of the alleged ATD violations, nor d[id] they state that this is a substantive difference or provide any argument as to how this stated difference may lead to a different outcome than that reached by this court in Ayala Cajina." Id. at *1. Similarly in this case, other than a Form I-213 summarily stating that petitioner was taken into custody "[d]ue to [his] several violations," respondents do not provide documentation

3

regarding what the violations were and when they occurred; nor do they articulate why these alleged violations warrants a different outcome than that in Ayala Cajina, or any of the other cases cited in the minute order.

Because respondents present no factual or legal issues that materially distinguish this case from the court's prior orders in Ayala Cajina, Mejia Parada, Vilcape Garate, Glavis, supra, the undersigned adopts and incorporates by reference the reasoning in those cases and finds that petitioner's continued detention violates due process. Accordingly, the undersigned will recommend the petition be granted on the procedural due process claim based on the revocation of petitioner's release.

In their response to the petition, respondents request that the petition be denied or alternatively, held in abeyance pending the resolution of several pending Ninth Circuit cases, including Rodriguez v. Bostock, 779 F. Supp. 3d 1239 (W.D. Wash. 2025), appeal No. 25-6842 (9th Cir.), Benavides Carballo v. Andrews, No. 1:25-cv-0978 KES EPG, appeal No. 25-6533 (9th Cir.), and Maldonado Bautista v. Noem, No. 5:25-cv-1873 SSS BFM (C.D. Cal. 2025), appeal No. 25-7958 (9th Cir.). ECF No. 9 at 2. Respondents argue that Rodriguez v. Bostock may have precedential effect in this case. Id. Respondents, however, do not explain how Rodriguez v. Bostock—a case concerning the issue whether 8 U.S.C. § 1225(b)(2) applies to individuals who entered the country without inspection, were not apprehended at the border, and are not subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231—may have precedential effect on this case. Because the undersigned recommends release on different grounds than those at issue in Rodriguez, respondent's argument fails. Neither do the other cited cases have potential precedential effect here. Benavides Carballo involves an as-applied challenge to detention under 8 U.S.C. § 1226(c), and Maldonado Bautista involves an Administrative Procedure Act claim; neither case deals with the process due to petitioner prior to the revocation of his release. See Singh v. Bondi, No. 1:26-cv-2175 KES EPG (HC), 2026 WL 805685, *1 n.2 (E.D. Cal. Mar. 23, 2026) (declining to hold the case in abeyance pending resolution of appeals in Rodriguez v. Bostock and Benavides Carballo because the issues in those cases were different than the issue "whether the Due Process Clause requires a pre-deprivation hearing prior to his re-detention").

4

Accordingly, the undersigned recommends that the court decline to hold this case in abeyance pending resolution of the appeals identified above and the petition be granted on the due process claim based on revocation of release.

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for a writ of habeas corpus (ECF No. 1) be GRANTED on the due process claim based on revocation of release.

2. Respondents be ORDERED to:

    a. IMMEDIATELY RELEASE petitioner from custody under the terms of supervision in place at the time of his detention.

    b. RETURN all of petitioner's documents and possession upon his release from custody.

    c. FILE a notice of compliance within three (3) days of any order adopting these findings and recommendations, confirming petitioner's release from custody and the return of his documents and possessions.

3. Respondents be PERMANENTLY ENJOINED and RESTRAINED from:

    a. Imposing any additional restrictions on petitioner unless it is determined to be necessary at a future pre-deprivation/custody hearing.

    b. Re-detaining petitioner unless they provide at least seven (7) days' written notice to petitioner and hold a pre-deprivation bond hearing before a neutral decision maker, at which hearing respondents will bear the burden of demonstrating that petitioner is a flight risk or danger to the community, and petitioner's eligibility for bond is considered.

4. The order enjoining respondents state that the order does not address the circumstances in which respondents may detain petitioner in the event petitioner becomes subject to an executable final order of removal.

5. If petitioner's petition is granted and he is ordered released, petitioner's motion to appoint counsel (ECF No. 3) be DENIED as MOOT.

6.    Judgement be entered in favor of the petitioner and the Clerk of the Court close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 31, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE